CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 08 2009

JOHN F. CORCORAN, CLERK
BY:
　DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DONNIE DON BEVERLEY,** | ) |
| | ) Case No. 7:08CV00599 |
| Petitioner, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **DIRECTOR, VDOC,** | ) |
| | ) By: Hon. Glen E. Conrad |
| Respondent. | ) United States District Judge |

Petitioner Donnie Don Beverley, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Beverley challenges the validity of his confinement pursuant to the April 27, 2007 judgment of the Circuit Court for the City of Lynchburg under which he stands convicted of aggravated malicious wounding and possession of a firearm as a convicted felon. Respondent filed a motion to dismiss the petition as untimely, and Beverley responded, making the matter ripe for decision. Upon review of the record, the court finds that the motion to dismiss must be granted.

## Background

Beverley pleaded guilty on November 22, 2006, to two of four charges against him: malicious wounding and possession of a firearm by a convicted felon. (Case Nos. CR6017890-00 and -01). In exchange for his guilty plea, the Commonwealth moved for dismissal of the two remaining charges. On April 27, 2007, the Circuit Court sentenced Beverley to a total of 40 years imprisonment (35 years for aggravated wounding and 5 years for possession of a firearm by a felon). No direct appeal was filed. Beverley submits a copy of a petition for a writ of habeas corpus that he filed in the Supreme Court of Virginia on July 31, 2007, and the final order dismissing his petition January 8, 2008. (Record No. 071707).

Beverley's § 2254 habeas petition is stamped "received" by this court on November 21, 2008, and was docketed the same day. The petition raises the following alleged grounds for habeas relief:

1. Counsel was ineffective for failing to consult with petitioner concerning his version of the events on which the charges were based;

2. Counsel was ineffective for failing to investigate or call all of a dozen potential witnesses that petitioner asked him to interview;

3. Counsel was ineffective for failing to consult with petitioner about a possible appeal; and

4. Counsel was ineffective for failing to have evidence authenticated before sentencing, namely, eighteen letters that the alleged victim had purportedly written to the defendant, in which she made statements that mitigated against petitioner's criminal liability.

## Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[1] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant

---

[1] Under § 2244(d), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).
  Here, Brown does not allege any facts on which his limitation period could be calculated under subsections (B), (C), or (D). Therefore, the court will consider the timeliness of the petition only under subsection (A).

2

to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending."

The Circuit Court entered judgment against Beverley on April 27, 2007, and he then had thirty (30) days in which to file a notice of appeal to the Court of Appeals of Virginia. See Rule 5A:6(a) of the Rules of the Supreme Court of Virginia. No appeal was filed. Therefore, his convictions became final for purposes of § 2244(d)(1)(A) on May 28, 2007, when his opportunity to pursue a direct appeal was exhausted. On that same day, the one-year period to file a § 2254 petition began to run for Beverley.

By filing his habeas petition in the Supreme Court of Virginia on July 31, 2007, Beverley stopped the federal clock after 64 days had elapsed. His filing period under § 2244(d)(1)(A) was tolled during the pendency of the state habeas petition, but began running again once the state petition was dismissed on January 8, 2008. Another 318 days of the federal filing period then elapsed before Beverley filed his federal habeas petition on November 21, 2008.[2] Thus, Beverley allowed a total of 382 untolled days to pass before filing his federal petition. In other words, because Beverley did not file his federal habeas petition within 365 days from the date on which his conviction became final

---

[2] The record indicates that Beverley did not mail his § 2254 petition from prison. The envelope containing the § 2254 petition indicates that postage was paid and the package was mailed in Lynchburg, Virginia, on November 20, 2009; yet, the envelope listed Red Onion State Prison in Pound, Virginia, as Beverley's return address. Because he did not mail the petition from Red Onion, his petition is considered filed at the time received and docketed by the court on November 21, 2007. See Houston v. Lack, 487 U.S. 266 (1988) (finding that prisoner's habeas petition is deemed filed when the prisoner delivers his petition to prison officials for mailing).

3

(minus the period when his state petition was pending), his federal petition is untimely under § 2244(d)(1)(A).[3]

Beverley asserts that he filed post-conviction motions in the Circuit Court on June 14, 2007. Although at some points in his petition Beverly calls his Circuit Court submissions a "habeas corpus" action, he explains in his Supreme Court of Virginia petition and in his response to the motion to dismiss that, in fact, these motions were a belated notice of appeal, a request for an extension of time to note the appeal, and a motion for appointment of new counsel to assist him on appeal. He states that the Circuit Court denied these motions on June 26, 2007, as untimely, because they were not filed within thirty (30) days from the entry of judgment. These untimely post-conviction motions cannot toll the federal statute of limitations because they were not "properly filed" under state law as required for tolling under § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Equitable tolling of the federal filing period is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617 (3d Cir. 1998).

---

[3] Beverley does not allege facts on which his one-year filing period could be calculated under subsections (B), (C), or (D) of § 2244(d)(1).

4

Perhaps Beverley is arguing that counsel's alleged abandonment and failure to consult with him about a potential appeal should be grounds on which to toll the federal filing period to some extent. The court finds no support in the record for this argument. Beverley's allegations indicate that he himself was not able to contact counsel about an appeal and that when Mrs. Fry, his fiancee, asked counsel if the case could be appealed, counsel said, "No." Beverley's version of events does not indicate that counsel's alleged misconduct caused Beverley to delay taking any action on his own toward filing an appeal or an earlier state habeas petition. Clearly, trial counsel's alleged errors did not affect Beverley's ability to pursue federal habeas proceedings at some earlier point in 2008, once his state petition was dismissed in January 2008. Thus, the court cannot find that Beverley's complaint about counsel's failure to consult regarding appeal presents any ground for equitable tolling of the federal filing period. Beverley also states that he does not have knowledge about legal deadlines and could not find anyone to help him with legal work. As these problems were not beyond his control or extraordinary in the prison setting, the court finds no grounds warranting equitable tolling here.

## Conclusion

For the stated reasons, the court concludes that Beverley's § 2254 habeas petition was not filed within the one-year filing period mandated in § 2244(d)(1)(A) and has demonstrated no grounds on which he is entitled to equitable tolling of the limitation period. Accordingly, the court will grant the motion to dismiss. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue

only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 8th day of April, 2009.

_____
United States District Judge